UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOODSPEED AIRPORT, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : NO. 3:06CV930(MRK) |
| | : |
| EAST HADDAM INLAND WETLANDS | : |
| AND WATERCOURSES COMMISSION, | : |
| JAMES VENTRES, and | : |
| GINA McCARTHY, COMMISSIONER OF | : |
| THE DEPARTMENT OF | : |
| ENVIRONMENTAL PROTECTION, | : |
| | : |
| Defendants. | : |

## RULING AND ORDER

In its Amended Complaint [doc. # 30-1], Goodspeed Airport, LLC ("Goodspeed"), a privately-owned and operated airport that has inland wetlands on the airport property, seeks to remove or cut trees from its property that are within seventy-five feet of the wetlands. Goodspeed wishes to cut down the trees because it believes they are obstructions to navigable airspace as defined by federal regulations promulgated under the Federal Aviation Act. *See* 14 C.F.R. § 77.1 *et seq*. Goodspeed contends that because of the wetlands' location on its property, its action usually would require a permit from the East Haddam Inland Wetlands and Watercourses Commission ("IWWC") because the cutting or removal of the trees would constitute a "regulated activity" under the Connecticut Inland Wetlands and Watercourses Act ("IWWA"), Conn. Gen. Stat. §§ 221a-36 to 22a-45. However, Goodspeed submits that the IWWC could decline to issue the required permit, and that the removal of the subject trees without such a permit would subject it to "substantial penalties." Goodspeed also alleges that, even with a permit, it could be subject to an enforcement action by the Commissioner under § 22a-16 of the Connecticut Environmental Protection Act

("CEPA"), Conn. Gen. Stat. §§ 22a-14 to 22a-20. Rather than submitting to the IWWC's permitting process and risking an adverse decision from the IWWC or a subsequent CEPA enforcement action by the Commissioner, Goodspeed seeks a declaration from this Court that the IWWA and CEPA are completely preempted by federal aviation law. Goodspeed also seeks an order enjoining the Commissioner from "bringing any action under state or local law to prohibit the removal of, or otherwise regulate, the removal of any tree defined as an 'obstruction to air navigation' under the FAA regulations." Am. Compl. for Declaratory and Injunctive Relief [doc. # 30-1] at 8.

Currently pending before the Court is Defendant Commissioner's Motion to Dismiss Plaintiff's Amended Complaint [doc. # 61]. In her motion, the Commissioner argues that Goodspeed's claims against her are barred by the Eleventh Amendment of the United States Constitution. The Commissioner also contends that Goodspeed has not alleged a "case or controversy" under Article III of the United States Constitution because the airport lacks standing and moreover, its claims are not yet ripe for judicial review. For the reasons that follow, the Court GRANTS the Commissioner's Motion to Dismiss Plaintiff's Amended Complaint [doc. # 61] on the basis of the Eleventh Amendment. As a consequence, the Court does not reach the Commissioner's other arguments.

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state," U.S. Const. amend. XI, and it is well-settled that "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003). However, under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may nonetheless

proceed against a state official despite the usual Eleventh Amendment bar to actions where the plaintiff's complaint "(a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quoting *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). "[T]he purpose of *Ex Parte Young* is to 'ensure that the doctrine of sovereign immunity remains meaningful, while also giving recognition to the need to prevent violations of federal law.'" *CSX Transp. v. New York State Office of Real Prop.*, 306 F.3d 87, 98 (2d Cir. 2002) (quoting *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 269 (1997)). A plaintiff may use *Ex parte Young* to seek injunctive or declaratory relief, *see Western Mohegan Tribe and Nation v. Orange County*, 395 F.3d 18, 21 (2d Cir. 2004) (per curiam), but the relief must address an ongoing or threatened violation of federal law and be prospective only, *see Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000). In considering whether a plaintiff has satisfied *Ex parte Young*, the Court "'need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *CSX Transp.*, 306 F.3d at 98 (quoting *Verizon Md., Inc.*, 535 U.S. at 645).

Here, the Court finds that Goodspeed cannot satisfy the requirements of *Ex parte Young* because it has failed to allege that the Commissioner is involved in an ongoing violation of federal law or has threatened an enforcement action that violates federal law. Unlike the IWWC, which has represented to the Court that it would take action against Goodspeed if it proceeded to cut or remove trees in or near the inland wetlands without a permit and in disregard of the IWWA, the Commissioner has threatened no such action under the IWWA or CEPA. Rather, the Commissioner has consistently maintained that it will evaluate Goodspeed's actions after it trims or cuts down trees and determine then – based on the extent of the trimming and the location of the trees – whether an

3

enforcement action is even appropriate. Indeed, the Commissioner points out that Goodspeed has previously trimmed trees on its property and the Commissioner took no enforcement action. As the Commissioner makes clear in her Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint [doc. # 61-1], "Plaintiff has not alleged that the Commissioner has sent to the Plaintiff any memoranda or letters regarding a potential CEPA against it. Nor has the Plaintiff pointed to any other action by the Commissioner that might be construed to indicate an imminent threat by the Commissioner to bring a CEPA action against the Plaintiff." *See id.* at 9. The Court agrees.

      The Second Circuit has allowed plaintiffs to invoke the *Ex parte Young* exception to the Eleventh Amendment bar on federal court jurisdiction where state officials are actively violating federal law or imminently threatening acts that the plaintiff challenges as unconstitutional. *See, e.g.*, *Air Tranport Assoc. of Am., Inc. v. Cuomo*, 520 F.3d 218, 221-23 (in pre-enforcement, preemption challenge, finding an ongoing violation of federal law where New York was imposing affirmative obligations on air carriers with respect to their passenger services); *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 373 (2d Cir. 2005) (finding an ongoing violation of federal law where state officials refused to accept bankruptcy claims as timely filed); *CSX Transp.*, 306 F.3d at 98-99 (invoking *Ex parte Young* where state officials possessed the power and duty to control local taxing authorities). This is so because the doctrine "'allows a suit for injunctive [or declaratory] relief *challenging the constitutionality of a state officials's actions in enforcing state law*.'" *Western Mohegan Tribe*, 395 F.3d at 21 (quoting *CSX Transp.*, 306 F.3d at 98) (emphasis added). Here, however, Goodspeed has made no allegation that the Commissioner is pursuing a CEPA action against it or that the CEPA compels it to take certain actions. Instead, Goodspeed merely claims that the Commissioner *could* act under the IWWA or CEPA should Goodspeed choose to cut or remove

4

the subject trees, and it wants a ruling on the applicability of those state statutes before taking any action.

In *Morales v. Trans World Airlines, Inc.*, a case that also addressed a preemption challenge to state enforcement under federal aviation law, the Supreme Court concluded that the plaintiff could rely on *Ex parte Young* because "the attorneys general of seven States . . . *had made clear* that they would seek to enforce the challenged portions of the [challenged] guidelines . . . through suits under their respective state laws." 504 U.S. 374, 381 (1992). In doing so, the Supreme Court instructed that "[w]hen enforcement actions are imminent – and at least when repetitive penalties attach to continuing or repeated violations and the moving party lacks the realistic option of violating the law once and raising its federal defenses – there is no adequate remedy at law." *Id.* In explaining the scope of a district court's authority to award injunctive relief under *Ex parte Young*, the Court further explained:

> In suits such as this one, which the plaintiff intends as a "first strike" to prevent a State from initiating a suit of its own, the prospect of state suit must be *imminent*, for it is the prospect of that suit which supplies the necessary irreparable injury. *Ex parte Young* thus speaks of enjoining state officers "*who threaten and are about to commence proceedings*," and we have recognized in a related context that a conjectural injury cannot warrant equitable relief. Any other rule (assuming it would meet Article III case-or-controversy requirements) would require federal courts to determine the constitutionality of state laws in hypothetical situations where it is not even clear the State itself would consider its law applicable.

*Id.* at 382 (citations omitted) (emphasis in original); *accord Cuomo v. Clearing House Ass'n, LLC*, --- S. Ct. --- , 2009 WL 1835148, at *10 (U.S. Jun. 29, 2009) ("The request for information in the present case was stated to be 'in lieu of' other action; implicit was the threat that if the request was not voluntarily honored, that other action would be taken. All parties have assumed, and we agree, that if the threatened action would have been unlawful the request-cum-threat could be enjoined.").

However, unlike the imminent enforcement actions at issue in *Morales*, Goodspeed's pre-enforcement challenge includes no allegation that the Commissioner is threatening or about to commence a CEPA action. And the Commissioner has explicitly stated that it has no such plans at this time. As *Morales* makes clear, the remote possibility that the Commissioner might decide to act under the IWWA or CEPA without more does not give rise to either an ongoing violation of federal law or an imminent threat of proceedings for purposes of securing equitable relief. *See Morales*, 504 U.S. at 382 ("[T]he prospect of state suit must be *imminent*, for it is the prospect of that suit which supplies the necessary irreparable injury. . . . [A] conjectural injury cannot warrant equitable relief."). Accordingly, the Court grants the Commissioner's motion to dismiss the claims against her on Eleventh Amendment grounds. *See Wang v. Pataki*, 396 F. Supp. 2d 446, 454 (S.D.N.Y. 2005) (dismissing claim on Eleventh Amendment grounds because although the plaintiffs "ha[d] suggested that the Attorney General might, at some future date, commence criminal proceedings against [them] for unlicensed operation of an [apartment information vendor] business," those allegations "fail because a wholly speculative threat of future prosecution is not actionable").

At oral argument, the Court made it clear that it would prefer the State to waive its Eleventh Amendment immunity so that the Commissioner could defend state law against Goodspeed's preemption challenge. The Attorney General's office considered the Court's request but decided to press the Eleventh Amendment defense and to leave the IWWC to defend against this significant preemption claim. For the reasons noted, the Court, therefore, GRANTS Defendant Commissioner's Motion to Dismiss Plaintiff's Amended Complaint [doc. # 61]. The Commissioner has indicated that it may wish to file an amicus brief. If the Commissioner moves to file a brief, the Court will permit the Commissioner to file an amicus brief. However, the Attorney General's office will not be

6

allowed to participate in the hearing scheduled in this case; nor will the Attorney General's office be permitted to participate in oral argument on the preemption issues. Having chosen to absent herself from a case raising important questions regarding the interplay of federal and state law, the Commissioner cannot eat her cake and have it too.

                                              IT IS SO ORDERED.


                                       /s/       Mark R. Kravitz
                                            United States District Judge

Dated in New Haven, Connecticut: **July 13, 2009.**