UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOODSPEED AIRPORT, LLC | : | CIVIL ACTION NO. 3:06cv930 (MRK) |
| Plaintiff, | : | |
| VS. | : | |
| EAST HADDAM INLAND WETLANDS AND WATERCOURSES COMMISSION, JAMES VENTRES | : | |
| Defendants. | : | OCTOBER 27, 2009 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE

Plaintiff Goodspeed Airport LLC ("Plaintiff" or "Goodspeed") respectfully submits this Memorandum in Opposition to the Motion in Limine ("Motion") filed by Defendants East Haddam Inland Wetlands and Watercourses Commission and James Ventres (collectively, "Defendants") on October 7, 2009. In their Motion, Defendants move to preclude testimony from Timothy Mellon and John Rutledge on the pretense that such testimony may constitute undisclosed "expert opinion testimony." Similarly, the Defendants claim without any factual support that potential testimony from Warren Stannard might include undisclosed expert testimony. Defendants' Motion is utterly devoid of any factual or legal support for these claims and therefore should be denied by the Court.

**1. Mellon and Rutledge Are Expected to Offer Testimony Based on Their Personal Knowledge and Experience**

Without citing to a single supporting fact or legal authority, Defendants presume that Messrs. Mellon and Rutledge will testify as experts. Mr. Mellon, however, will use his personal knowledge and experience as the owner of Goodspeed Airport (the "Airport") and a licensed pilot flying in and out of the Airport to testify about the physical layout of the Airport, aircraft operations at the Airport, prior actions undertaken at the Airport to improve safety, the Airport's operating license, and the impact that certain trees surrounding the Airport's runway have upon safety. He will also describe his intentions for removing trees situated in the primary surface and the transitional surface at the Airport. Mr. Rutledge will also apply his personal experiences to describe his operations at the Airport as a licensed Part 135 air carrier, and the factual impact that obstructions to air navigation at the Airport, such as the trees, may have upon (a) the safety of his air carrier operations, (b) the prices and services he provides as an air carrier and (c) his routes to and from the Airport.

Plaintiff maintains that the testimony identified above does not constitute expert testimony because it is based upon Mr. Mellon's and Mr. Rutledge's personal knowledge and experiences at the Airport. To the extent that the Defendants allege that such testimony constitutes expert opinion, Mr. Mellon has been identified as a potential witness for many years and the Defendants have had ample opportunity to depose Mr. Mellon. Moreover, if the Court finds that the proposed

testimony does constitute expert testimony, Plaintiffs will continue to make Mr. Mellon and Mr. Rutledge available for deposition prior to the trial on December 2, 2009.

    **2.    Defendants Cannot Demonstrate Prejudice Sufficient to Prelude Testimony from Mellon or Rutledge**

In light of Plaintiff's offer to make Mr. Mellon and Mr. Rutledge available for deposition prior to trial, Defendants cannot demonstrate the requisite prejudice to preclude their testimony. See Fed. R. Civ. P. 37 (c)(1) (2009) (noting that the exclusion of expert testimony is not appropriate where the failure to disclose "was substantially justified or is harmless"); see also Crump v. Versa Prods., 400 F.3d 1104, 1110 (8th Cir. 2005) (refusing to preclude expert testimony for non-disclosure where the plaintiffs were provided with each expert's resume, report, and each expert was made available for deposition). Here, Defendants will be given the opportunity to depose Mr. Mellon and Mr. Rutledge if the Court finds it necessary and, thus, Defendants will not be prejudiced by any alleged non-disclosure. In considering any prejudice to the Defendants, the Court should note that while Mr. Rutledge was first identified as a witness in September, Defendants have been on notice since the commencement of this action that Mr. Mellon, as the owner of the Airport, would be a testifying witness. Despite Defendants' knowledge in this regard, they have made no attempt to depose Mr. Mellon in connection with this case and, therefore, their assertion of prejudice with regard to Mr. Mellon's testimony is particularly dubious.

### 3. Stannard's Deposition Testimony Is Similarly Admissible

Defendants complain that Plaintiff has failed to disclose the deposition transcript of Warren Stannard and accompanying exhibits that it plans to offer into evidence at trial. Defendants suggest in their Motion that as a result of Plaintiff's supposed non-disclosure, they have not had an opportunity to review these materials and, thus, would be surprised and prejudiced by their admission into evidence. First, Plaintiff listed the Stannard transcript and exhibits as potential exhibits in its recent pre-trial filing with this court. Second, and more importantly, Defendants were both parties to the action in which Mr. Stannard, a former Connecticut Department of Transportation ("DOT") inspector, offered the testimony at issue in a prior tree removal action involving the Airport. Ventres, et al. v. Mellon et al., No. X07-CV-01-0076812-S and Roque v. Mellon, et al., No. X07-CV-02-0080540-S. In fact, counsel for the Defendants actually examined Mr. Stannard in that matter. As a result, the Stannard transcript and exhibits are already in the possession of the Defendants. Of course, Plaintiff would be pleased to provide another copy of the transcript and exhibits to Defendants' counsel, if necessary.

Moreover, Mr. Stannard's testimony is not being offered as expert testimony, nor was he disclosed as an expert in the previous case. Mr. Stannard simply offered factual testimony about his inspections of the Airport, testimony which is clearly relevant in this case to demonstrate CT DOT interest in the safe operation of the Airport. Mr. Stannard is now retired from the CT DOT and resides beyond the parties' subpoena power in South Carolina. Therefore, Mr. Stannard is not

available to testify in person at trial nor can Plaintiff make him available for a follow-up deposition.[1] As noted above, however, a second deposition should be unnecessary because the Defendants examined Mr. Stannard when he testified previously. For these reasons, the Court should permit Mr. Stannard to testify by deposition in this matter.

## **CONCLUSION**

For the reasons stated above, this Court should deny Defendants' Motion in Limine and permit the testimony of Mr. Mellon, Mr. Rutledge and Mr. Stannard.

>
> PLAINTIFF, GOODSPEED AIRPORT, LLC
>
> By  /s/ Dean M. Cordiano
>   Dean M. Cordiano (ct04300)
>   dmcordiano@daypitney.com
>   Day Pitney LLP
>   242 Trumbull Street
>   Hartford, Connecticut 06103-3499
>   (860) 275-0100
>   (860) 275-0343 (fax)

---

[1] Mr. Stannard's deposition testimony and exhibits are admissible under the "former testimony" exception to the hearsay rule. Fed. R. Evid. 804 (b)(1). The DOT issues in the former action are sufficiently similar to the instant case to ensure that Defendants' counsel had a meaningful opportunity to cross-examine Mr. Stannard at the deposition. See United States v. Wingate, 520 F.2d 309 (2d Cir. 1975) cert. den. 423 U.S. 1074 (1976).

-6-

        John R. Bashaw (ct15612)  
        jrbashaw@daypitney.com  
        Day Pitney LLP  
        One Audubon Street  
        New Haven, CT  06511  
        (203) 752-5000  
        (203) 752-5001 (fax)

        Its Attorneys

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 26, 2009 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                     /s/ Dean M. Cordiano